**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt division)**

| | | |
|---|---|---|
| IN RE: | * | |
| | | |
| **TAMAL EZELL** | * | **Case No.: 20-19592-LS** |
| **6207 GOTHIC LANE** | | **Chapter 13** |
| **BOWIE, MD 20720** | * | |
| **Debtor** | | |

 *  *  *  *  *  *  *  *  *  *  *  *

| | | |
|---|---|---|
| **TAMAL EZELL** | | |
| **6207 GOTHIC LANE** | * | |
| **BOWIE, MD 20720** | | **Adversary Case #** |
| **Plaintiff** | * | |
| | | |
| **Vs.** | * | |
| | | |
| **SELENE FINANCE, LP** | * | |
| **9990 RICHMOND AVE** | | |
| **SUITE 400** | * | |
| **BK DEPARTMENT** | | |
| **HOUSTON, TX 77042** | * | |
| **Defendant** | | |

*  *  *  *  *  *  *  *  *  *  *  *  *  *

## <u>Complaint Seeking Damages in Core Adversary Proceeding</u>

### Introduction

1. This is an action for actual and punitive damages filed by the Debtor pursuant sections 105(a), 502(b) and 502 (j) of the Bankruptcy Code; Section 3001 of the Bankruptcy Rules; the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq ("FDCPA")*; and The Annotated Code of Maryland Commercial Law Article Section 12-121.

2. This action is also filed to enforce the applicable Federal Rules of Bankruptcy Procedure to the extent the same apply to this case.

### Jurisdiction and Venue

3. Jurisdiction is conferred on this Court pursuant to the provisions of §1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

4.    This Court has both personal and subject matter jurisdiction to hear this case pursuant to Title 28 § 1334 and §157(b) (2) of The United States Code.

5.    This Court has supplemental jurisdiction to hear all state law claims pursuant to § 1367 of Title 28 of the United States Code.

6.    This Court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to § 1692 of title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon § 1331 of Title 28 of the United States Code.

7.    This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.  However, in the unlikely event this case is determined to be a non-core proceeding the Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

8.    Venue lies in this District pursuant to 28 USC §1391(b) of the United States Code.

### Parties

9.    The Plaintiff in this case is Tamal Ezell, the Debtor under Chapter 13 of Title 11 of the United States Code in case number 20-19592-LS filed on October 26, 2020.

10.    The Defendant, Selene Finance, LP, (hereinafter "**Selene**), is a mortgage servicer engaged in the business of real estate mortgage lending and mortgage servicing with its principal place of business located at 9990 Richmond Avenue, Suite 400 South Houston, TX 77042-8500. **Selene** is not registered as a Limited Partnership in the State of Maryland. The Plaintiff also alleges upon information and belief that **Selene** regularly services thousands of residential mortgage loans in the State of Maryland. It does not have a resident agent in the State of Maryland.

### Factual Allegations

11.    On April 1, 2005, the Debtor executed a Deed of Trust ("**Trust**") in favor of Bank of Blue Valley in the principal sum of $260,000.00, for the property located at 6207 Gothic Lane, Bowie, MD 20720. The Deed of Trust was recorded in the land records of Prince George County. A copy of the **Trust** is attached hereto and marked as **Exhibit "A".**

12.    On April 1, 2005, the Debtor executed a Note payable to Bank of Blue Valley in the principal sum of $260,000.00. A copy of the Note is attached hereto and marked as **Exhibit "B".**

13.    After a series of assignments, on February 1, 2016, the final Assignment of Deed of Trust was transferred from Pretium Mortgage Credit Partners I Loan Acquisition, LP to Wilmington Savings Fund Society, d/b/a Christina Trust, not individually but as Trustee for Pretium Mortgage, Acquisition Trust dated February 1, 2016. The Assignment of Deed of Trust was recorded in the land records of Prince George County at liber 38167 and liber 272.Plaintiff was in arrears when this assignment occurred. A copy

of the Assignment of Deed of Trust is attached hereto and marked as **Exhibit "C".**

14.    The Plaintiff were behind on her mortgage payments when she filed this Chapter 13 case on June 28, 2018.

15.    The Plaintiff 's chapter 13 plan was confirmed on May 14, 2021.

16.    That on January 4, 2021, **Selene** filed a Proof of Claim ("Claim"). On pages 4 to 8 of 47, Part 5: Loan Payment History from the first Date of Default, includes 24 itemized property inspection fees in the amount of $432.00 broken down as follows:

a.    February 4, 2016 - $11.50
b.    February 24, 2016 - $15.00
c.    March 6, 206 - $11.50
d.    April 4, 2016 - $11.50
e.    May 2, 2016 - $11.50
f.    July 11, 2016 - $11.50
g.    August 12, 2016 - $11.50
h.    September 13, 2016 - $11.50
i.    November 15, 2016 - $11.50
j.    January 19, 2017 - $11.50
k.    February 20, 2017 - $11.50
l.    March 27, 2017 - $11.50
m.    April 26, 2017 - $11.50
n.    May 26, 2017 - $11.50
o.    July 8, 2017 - $11.50
p.    September 25, 2017 - $11.50
q.    October 20, 2017 - $11.50
r.    January 23, 2018 - $61.50
s.    March 26, 2017 - $15.00
t.    April 20, 2017 - $15.00
u.    May 21, 2017 - $15.00
v.    May 31, 2017 - $85.00
w.    September 20, 2018 - $25.00
x.    September 20, 2019 - $16.50

Total - $432.00

Additionally, it includes 14 itemized FC Costs that Plaintiff's counsel has reason to believe are also property inspection fees in the amount of $231.00 broken down as follows:

a.    November 22, 2017 - $16.50
b.    June 22, 2018 - $16.50
c.    July 20, 2018 - $16.50

3

d.      August 21, 2018 - $16.50
e.      December 1, 2018 - $16.50
f.      February 22, 2019 - $16.50
g.      March 22, 2019 - $16.50
h.      April 22, 2019 - $16.50
i.      May 23, 2019 - $16.50
j.      August 24, 2019 - $16.50
k.      October 22, 2019 - $16.50
l.      December 31, 2019 - $16.50
m.      February 27, 2020 - $16.50
n.      March 26, 2020 - $16.50

Total - $231.00

A copy of the Claim is attached hereto and marked as **Exhibit "D".**

17.     The Claim includes an incorrect Deed of Trust for Pinnacle Financial Corporation.

18.     By Defendant including inspection fees and FC Costs that Plaintiff's counsel asserts are actually inspection fees in its Claim, that are in violation of the Md. Ann. Code, Commercial Law Article §12-121.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

19.     The allegations in paragraphs 1 through 18 of this complaint are realleged and incorporated herein by this reference.

20.     Plaintiff is a natural person who obligated herself to pay her mortgage loan.

21.     The debt, a home mortgage loan, was incurred for personal purposes, within the purview of the FDCPA 15 U.S.C. § 1692a (5).

22.     Under the statute, a mortgage loan servicer will become a debt collector if the debt was in default or was treated as such when it was acquired, which is the case here.

23.     **Selene** is a debt collector within the meaning of the FDCPA, as defined at 15 U.S.C § 1692a. **Selene** violated the FDCPA in that they filed a proof of claim that intentionally included thirty-eight illegal inspection fees that **Selene** could not legally collect as a consumer debt.

24.     The Plaintiff suffered damages due to the inclusion of illegal inspection fees being included in **Selene's** Proof of Claim and is thus a violation of the FDCPA.

25.     The foregoing intentional acts of **Selene** constitute numerous and multiple violations of the FDCPA including, but not limited those cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff demands judgment against **Selene** for: 1) Thirty-eight separate statutory violations @ $1,000 each have been sustained by Plaintiff as a result of **Selene's** intentional failure to comply with the FDCPA in an amount not less than $38,000.00; 15 U.S.C. § 1692K(a)(1); 2) the costs of the action together with reasonable attorney's fees as determined by the Court. 15 U.S.C. § 1692K(a); and 3) other relief as the Court may find necessary and appropriate.

## SECOND CLAIM FOR RELIEF
## VIOLATION FOR FILING A FALSE PROOF OF CLAIM

26.     The allegations in paragraphs 1 through 25 of this complaint are realleged and incorporated herein by this reference.

27.     The Plaintiff avers, upon information and belief, that the Proof of Claim filed by the Defendant intentionally includes illegal inspection fees that are a misdemeanor in the State of Maryland pursuant to Md. Ann. Code, Commercial Law Article §12-121 and thus in violation of Bankruptcy Code Sections 502 (b) and (j) and Bankruptcy Rule 3001.

28.     WHEREFORE, Plaintiff demands judgment against Defendant for: 1) Any actual damages sustained by Plaintiff as a result of their including intentional illegal inspection fees in an amount not less than $3,500.00, 2) punitive damages and 3) other relief as the Court may find necessary and appropriate.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE ANNOTATED CODE OF MARYLAND COMMERCIAL LAW ARTICLE 12-121

29.     The allegations in paragraphs 1 through 28 of this complaint are realigned and incorporated herein by this reference.

30.     The Defendant violated of the Annotated Code of Maryland Commercial Law Article 12-121 when they intentionally included inspection fees on their proof of claim.

31.     The Defendant by violating the Annotated Code of Maryland Commercial Law Article 12-121 is liable for each of the 38 intentional illegal inspection fees on their proof of claim pursuant to Md. Code Ann., Com. Law§12-122 in the amount of $500.00 each.

WHEREFORE, Plaintiff demands 1) judgment in the amount of $19,000.00, for actual damages against Defendants, 2) an award of reasonable attorney's fees and costs; and 3) that her claim should include such other and further relief as the Court deems just and proper.

Date:  <u>Friday, November 19, 2021</u>          <u>/s/ Robert N. Grossbart, Esquire</u>
                                     Robert N. Grossbart, Esquire (04116)
                                     Grossbart, Portney & Rosenberg, P.A.
                                     100 North Charles Street, 20th fl.
                                     Baltimore, Maryland 21201
                                     (410) 837-0590
                                     Email: Robert@grossbartlaw.com
                                     Attorney for Plaintiff

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on Friday, November 19, 2021, a copy of the foregoing Complaint Seeking Damages in Core Adversary Proceeding was mailed first class mail, postage prepaid to the following:

Office of the US Trustee
6305 Ivy Lane
Suite 600
Greenbelt MD 20770
Attn: Jeanette Rice

Timothy P. Branigan, Trustee
9891 Broken Land Parkway
Suite 301
Columbia, MD 21046

Selene Finance, LP
9990 Richmond Ave
Suite 400
Bk Department
Houston, Tx 77042
Joe Davila – President

Selene Finance LP
P.O. Box 422039
Houston, TX 77242-2039

Robertson, Anscutz, Schneid Crane & Partners, PLLC
10700 Bridge Road
Suite 170
Duluth, GA 30097
Attn: Erin Elam

                                     <u>Robert N. Grossbart, Esquire</u>
                                     Robert N. Grossbart, Esq. (04116)